UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAI JARA,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. CAPITOL POLICE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 22-cv-2754 (APM)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

Before the court is Defendant's Motion to Dismiss, ECF No. 4 [hereinafter Def.'s Mot.]. Plaintiff did not file an opposition. Nevertheless, the court considers Defendant's motion on the merits.

Plaintiff claims that on the night of June 22, 2019, while he was delivering food on his moped scooter, U.S. Capitol Police Officer Smith began following him and proceeded to pull him over. *See* Notice of Removal, ECF No. 1 [hereinafter Notice of Removal], Compl., ECF No. 1-1 [hereinafter Compl.], at 1. Plaintiff alleges that he was stopped for about 30 minutes while he attempted to find his Vehicle Identification Number, which he later found and verified with Officer Smith; that the Officer called for back-up during this period; and that the Officer asked him "how many tickets do [you] want?" Compl. at 1. The Hearing Record, which Plaintiff included in his Complaint, states that Officer Smith observed Plaintiff failing to come to a complete stop at the intersection of 4th Street and Pennsylvania Avenue SE, making a right turn despite a "No Turn on Red" sign, and not making a complete stop at stop signs at 2nd and C Streets SE, and 2nd and D Streets SE, before pulling him over. *Id.* at 8. Officer Smith gave Plaintiff one $25.00 ticket. *Id.*

Plaintiff alleges that Officer Smith's stop was an abuse of power and that the Officer "is racist to Hispanic[] immigrants." *Id.* at 1.  For the "emotional and psychological trauma" caused by the event, Plaintiff requests $1,000,000 in damages.  *Id.* at 2.  Plaintiff's *pro se* lawsuit for alleged abuse of process was originally filed in the Superior Court of the District of Columbia and was removed to this court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.  *See* Notice of Removal.

The Federal Tort Claims Act ("FTCA"), which governs this case, "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances."  *Richards v. United States*, 369 U.S. 1, 6 (1962).  The FTCA states, however, that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  This concept, known as "administrative exhaustion," requires the plaintiff to present the agency with (1) "a written statement sufficiently describing the injury to enable the agency to begin its own investigation," and (2) "a sum-certain damages claim."  *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).  If a plaintiff has not exhausted his administrative remedies prior to filing suit in federal court, the court lacks subject matter jurisdiction.  *See Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997).

Defendant argues that the Complaint must be dismissed because Plaintiff "failed to exhaust his administrative remedies prior to filing suit."  Def.'s Mot. at 6.  The court agrees.  Plaintiff failed to plead administrative exhaustion in his Complaint, and the record before the court indicates that no claim was presented to the agency.  *See Allen v. Brown*, 320 F. Supp. 3d 16, 32 (D.D.C. 2018); Def.'s Mot., Joyce Declaration, ECF No. 4-1, at ¶¶ 3–4 (stating that the agency's Senior Counsel

found no FTCA claims filed by Plaintiff against Defendant). Because Plaintiff failed to exhaust his administrative remedies, the court does not have jurisdiction over this action.

Accordingly, Defendant's motion is granted. A separate, final order accompanies this Memorandum Opinion.

Dated: April 14, 2023

Amit P. Mehta
United States District Court Judge